# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re *Michael W. Cabaniss*  
  and  
  *Aurelyn T. Cabaniss*  
  aka *Aurelyn G. Taboclaon*

Case No.  
Chapter *13*

_____/ Debtors

Attorney for Debtor: *Carolyn R. Mirabile*

## CHAPTER 13 PLAN

### 1. FUNDING OF PLAN
The debtor shall commit the following future earnings, property, or other income to the custody and control of the standing trustee to fund the chapter 13 plan:

Debtor's Net Monthly Income:
| | |
|---|---|
| Husband & Wife's Monthly Take Home: | $ 4,498.00 |
| Less Expenses: | $ 3,940.70 |
| SURPLUS: | $ 557.30 |

Plan Payment:
The debtor(s) to pay: $ *557.30 monthly* for *36 Months*
Total Payments: $ 20,062.80

### 2. DURATION
It is proposed that payments shall be made over a period of *36* months.

### 3. PAYMENTS TO THE TRUSTEE SHALL BE MADE FROM
[X] Direct Payments from Debtor(s)  
[ ] Debtor's Employer

From the payments so received, the trustee shall make disbursements as follows:

### 4. ADMINISTRATIVE COSTS
Trustee's Compensation: *10.00* %

Attorney's Fee
| | |
|---|---|
| Prepaid Portion | $ 800.00 |
| Pay Through Plan | $ 200.00 |
| Total Attorney Fee | $ 1,000.00 |

| Paid Through Plan | TOTAL | MONTHS | MONTHLY PAYMENT |
|---|---|---|---|
| Monthly Installments | $ 200.00 | Month 1-12 | $ 16.67 |

Page *1* of *4*

## 10. PAYMENTS TO GENERAL UNSECURED CLAIMS

General unsecured claims shall be paid pro rata , after all other claims are paid. Unsecured claims shall receive not less than the amount that would be paid on each claim if the estate were liquidated under Chapter 7.

## 11. EXECUTORY CONTRACTS

The following executory contracts of the debtor are accepted:

*None*

The following executory contracts of the debtor are rejected:

*None*

## 12. DIRECT PAYMENTS

The debtor shall make regular payments directly to the following creditors:

| CREDITOR | MONTHS | MONTHLY PAYMENT | TOTAL PAYMENT |
|---|---|---|---|
| Chase Manhattan Mortgage Corp | 1 - 36 | $ 947.79 | $ 34,120.44 |
| Merch, Sharp & Dohme | 1 - 36 | $ 140.00 | $ 5,040.00 |
| Merch, Sharp & Dohme | 1 - 36 | $ 62.74 | $ 2,258.64 |
| Merch, Sharp & Dohme | 1 - 36 | $ 45.23 | $ 1,628.28 |
| The Bank of New York | 1 - 36 | $ 640.00 | $ 23,040.00 |

## 13. OTHER PROVISIONS

14. REVESTMENT

Upon confirmation of the Plan, all property of the estate shall vest in the debtor pursuant to 11 U.S.C. 350 (or possibly 11 U.S.C. 1327(b)). The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein (11 U.S.C. 1306(b)). All secured creditors shall retain the liens securing their claims unless otherwise stated.

DATED:

/s/ Michael W. Cabaniss
DEBTOR: Michael W. Cabaniss
3453 Westview Drive
Perkiomenville PA 18074
215-234-9284

/s/ Aurelyn T. Cabaniss
DEBTOR: Aurelyn T. Cabaniss

NAME OF LAW FIRM: Lynch & Mirabile

ATTORNEY: /s/ Carolyn R. Mirabile
Carolyn R. Mirabile
617 Swede Street
Norristown PA 19401
610-275-2600

5. PAYMENTS TO PRIORITY CLAIMS

The debtor shall make full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. 507, as follows:

*None*

6. PAYMENTS TO SECURED CLAIMS

Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as shown. Payments towards deficiencies on undersecured claims are listed with the Unsecured Claims. Payments towards arrearages on fully secured claims are listed under Arrearages.

*None*

7. ARREARAGES ON SECURED CLAIMS

*None*

8. PROPERTIES TO BE SURRENDERED

The debtor shall surrender the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy such a creditor's claim, the creditor shall hold a nonpriority, unsecured claim.

*None*

9. LIEN AVOIDANCE

The following liens shall be avoided pursuant to 11 U.S.C. 522(f), or other applicable sections of the Bankruptcy Code:

*None*